795 P.2d 24

**Richard KUNZ and Gloria Kunz, husband and wife, Plaintiffs–Appellants,**

v.

**Ronald MICIAK, M.D., Defendant–Respondent,**

and

**Magic Valley Regional Medical Center, a non-profit Idaho corporation, Defendant.**

No. 17985.

Court of Appeals of Idaho.

July 23, 1990.

James Annest, Burley, for plaintiffs-appellants.

Merrill & Merrill, Pocatello, for defendant-respondent. Gary T. Dance argued.

BURNETT, Judge.*

This is a malpractice action arising from medical care provided to Gloria Kunz by Ronald Miciak, M.D. The district court entered summary judgment in favor of the doctor, holding that Mrs. Kunz and her husband, Richard, failed to adduce evidence meeting the expert witness requirements of I.C. §§ 6–1012 and 6–1013. We affirm.

The background facts may be outlined briefly. In April, 1984, Gloria Kunz was admitted to Magic Valley Regional Medical Center, complaining of nausea, vomiting and weakness. She was treated for possible peptic ulcer disease. During her hospital stay, Mrs. Kunz became disoriented and experienced involuntary jerking movements. Four days after her admission, Mrs. Kunz was found lying on the floor of her hospital room with a laceration over one eye. Her physician, Dr. Miciak, discovered that Mrs. Kunz had a sodium depletion in her blood. She was treated for this condition and released. Later it was determined that Mrs. Kunz had suffered brain damage, possibly due to the sodium depletion. Mr. and Mrs. Kunz sued the hospital

---

* This opinion was prepared by BURNETT, J., and voted on by the Court prior to his resignation July 16, 1990.

and Dr. Miciak, alleging negligence in failure to discover the sodium depletion in Mrs. Kunz's blood in time to avoid a severe deterioration in her mental ability. The defendants moved for summary judgment, which was granted first for the hospital and then for Dr. Miciak. The Kunzes have appealed only from the summary judgment for Dr. Miciak.

When the district court granted Dr. Miciak's motion for summary judgment, it held that the Kunzes' claim failed for lack of expert testimony on the issue of Dr. Miciak's failure to meet the applicable standard of practice. For reasons explained below, we agree.

■ In a medical malpractice action, summary judgment will lie against the plaintiff unless the essential elements of the cause are established. *See, e.g., Dekker v. Magic Valley Regional Medical Center*, 115 Idaho 332, 766 P.2d 1213 (1988). One of these elements is expert testimony on the community standard of medical care. Idaho Code § 6–1013 establishes explicit requirements for such expert testimony. First, the plaintiff must have at least one "knowledgeable, competent expert" witness, whose expert testimony "may only be admitted in evidence if the foundation therefor is first laid." This foundational requirement is three-fold: (a) it must establish that "such an opinion is actually held by the expert witness," (b) the opinion "can be testified to with reasonable medical certainty," and (c) the expert witness must possess "professional knowledge and expertise coupled with actual knowledge of the applicable said community standard to which his or her expert opinion testimony is addressed." The statute adds a further proviso that this section does not prohibit a "competent expert witness who resides elsewhere from adequately familiarizing himself with the standards and practices of [a particular] ... area." I.C. § 6–1013. Thus, it is clear from the statute that the plaintiff's expert witness must know the community standard when testifying. *See Strode v. Lenzi*, 116 Idaho 214, 775 P.2d 106 (1989); *Frank v. East Shoshone Hospital*, 114 Idaho 480, 757 P.2d 1199 (1988).

■ In the case before us, the Kunzes' expert witness, Dr. Cummings of San Francisco, stated in his deposition that he was *not* familiar with the local standard of care in Twin Falls, Idaho. He also revealed a lack of knowledge about the facilities available to Dr. Miciak at the hospital in Twin Falls. The Kunzes nonetheless argue that the community standard awareness test was satisfied because Dr. Miciak described the local standard during discovery. The Kunzes rely on Dr. Miciak's answer to an interrogatory asking him to "state what treatment you claim is the standard or recommended treatment of symptoms of depletion of serum sodium in the medical profession or community." Dr. Miciak's answer referred to a standard medical treatise, Cecil's Textbook of Medicine (16th ed. 1982). Dr. Cummings, the expert witness, also referred to Cecil's textbook when expressing his opinion that Dr. Miciak was negligent. Thus, the Kunzes maintain that Dr. Cummings formed his opinion by reference to the correct standard.

We find two flaws in the Kunzes' argument. First, the overlapping references to a common medical text do not necessarily demonstrate a complete alignment of views on the applicable medical standard. Second, the statute requires the expert witness to possess "professional knowledge and expertise *coupled with* actual knowledge of the applicable said community standard...." (Emphasis added.) The phrase "coupled with" denotes a contemporaneous relationship; awareness of the standard must exist when the expert testimony is given. If contemporaneous awareness is not demonstrated, the expert's testimony is subject to being excluded or stricken at trial. Such evidence is not entitled to evidentiary weight in summary judgment proceedings under I.R.C.P. 56(c). Therefore, we agree with the district court that the Kunzes' case was not supported by expert testimony as required by I.C. § 6–1013.

The Kunzes have argued, in the alternative, that there is but one national standard of care for board-certified specialists like Dr. Miciak, and that any community standard is superfluous. Although the argu-

ment is not without merit, it flies in the face of I.C. § 6–1013 and has been rejected by our Supreme Court. *See, e.g., Frank v. East Shoshone Hospital,* 114 Idaho at 481–82, 757 P.2d at 1200–01; *Strode v. Lenzi,* 116 Idaho at 216, 775 P.2d at 108 (1989).

Accordingly, the judgment of the district court dismissing this action is affirmed. Costs to respondent. No attorney fees awarded on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.